UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHLINE DILWORTH,

    Plaintiff,

v.                                              CASE NO: 8:09-cv-711-T-23MAP

UNITED HOME LIFE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.
_____/

## **ORDER**

A November 6, 2009, order (Doc. 18) directed the plaintiff, Cathline Dilworth, to show cause by November 12, 2009, why the defendant's motion for summary judgment (Doc. 17) should not be granted. The order warned that failure to respond would result in treatment of the defendant's motion as unopposed. The plaintiff fails to respond to the order or to file any response to the defendant's motion.

Background

In 1999, Larry Dilworth (the "decedent") began receiving treatment for a heart disorder. (Docs. 17, 17-3) The decedent's heart disorder derived from "coronary artery disease, ventricular tachycardia[,] and ventricular arrhythmia" and led to medical treatment consisting of a "heart catheterization" procedure in 2003. (Doc. 17, ¶ 1) On October 8, 2004, an insurance salesman, Richard Matula (the "salesman") visited the decedent and the plaintiff, the decedent's wife, at the decedent's home. The salesman

told the decedent and the plaintiff that the salesman worked for an insurance agency and "wrote insurance for United Home," the defendant. (Doc. 17, ¶ 3) The salesman's business card identified the salesman as an employee of the "DM Hayden Agency" and contained the corporate logo of the Hartford Life & Annuity Insurance Agency.

During the salesman's visit, the salesman offered a comparison of insurance company premiums to the decedent. The decedent applied for a life insurance policy from the defendant. On the decedent's application, the decedent certified that the decedent had not received in the past five years either a diagnosis of, or a treatment for, a heart disorder. (Doc. 17, ¶ 5) According to the plaintiff, the decedent informed the salesman of the decedent's heart disorder. The salesman responded by telling the decedent that as long as the decedent had not entered the hospital for treatment within "a certain period of time" the decedent would be eligible to apply. The decedent told the salesman that the decedent had not entered the hospital for treatment within that period. (Doc. 17, ¶ 6)

The defendant received the decedent's application on November 1, 2004. (Doc. 17, ¶ 9) On November 12, 2004, the defendant issued a life insurance policy, which included an accidental death benefit, to the decedent. (Doc. 17, ¶ 12) Later, the defendant issued a new policy, effective January 1, 2005, that reflected a change in the decedent's date of birth and that omitted the accidental death benefit. On January 20, 2005, the decedent signed a "policy receipt document," which certified that the decedent received the new policy and that the decedent correctly answered each question on the decedent's policy application. (Doc. 17, ¶ 19) An "acute myocardial infarction and

coronary artery disease" caused the decedent's death on December 3, 2006. According to the defendant, if the decedent had informed the defendant of the decedent's heart disorder, the defendant would not have issued a life insurance policy to the decedent. Thus, the defendant refused to provide any benefit under the life insurance policy because of the decedent's misrepresenting the decedent's medical history on the decedent's policy application. The plaintiff initiated this action and claimed breach of contract and reformation of contract. (Doc. 2)

### Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The movant bears the burden of establishing the absence of a genuine issue of material fact. 477 U.S. at 323. If the movant is successful, the burden of production shifts to the non-moving party, who must offer "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not rest on the pleadings but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material issue remains. Fed. R. Civ. P. 56(e)(2). Accordingly, "there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

In this action, the defendant asserts entitlement to summary judgment based on the decedent's misrepresenting the decedent's health history on the decedent's life insurance application. Additionally, the defendant argues that (1) no agency relationship existed between the salesman and the defendant, (2) the decedent's reliance on any representation by the salesman was unjustified, and (3) the policy is "contestable" because the decedent's death occurred within two years of the policy date. The plaintiff neither offers an argument in opposition to the defendant's motion nor provides any evidence disputing the facts as presented by the defendant.

Conclusion

Because each material fact of this case is undisputed, the defendant is entitled to summary judgment on the plaintiff's claim. Accordingly, the defendant's motion (Doc. 17) is **GRANTED**. The Clerk is directed to (1) enter judgment in favor of the defendant and against the plaintiff on the plaintiff's claims, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on November 18, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE